UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------

REPRESENTACIONES Y DISTRIBUCIONES
EVYA, S.A. DE C.V., ET AL.,

                Plaintiffs,

    - against -

GLOBAL EXPLORER LLC, ET AL.,

                Defendants.
------------------------------------

09 Civ. 6060 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    The Court has signed the Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment and Appointing Process Server, making the following changes:

    (1) The Court has stricken defendant Global Enterprises, LLC ("Global Enterprises") because Global Enterprises is registered with the New York Department of State and therefore may be served by serving process upon the Secretary of State in Albany. Registration with the Department of State is sufficient to establish a defendant's presence in the Southern District of New York under both prongs of Seawind Compania, S.A. v. Cresent Line, Inc., 320 F.2d 580 (2d Cir. 1963). STX Panocean (UK) Co., Ltd. v. Glory Wealth Shipping Pte Ltd., 560 F.3d 127 (2d Cir. 2009) (stating, albeit in dicta, that "a defendant's registration under New York Business Corporation Law § 1304 is sufficient to satisfy both prongs of the Seawind Test and, therefore, a company registered with the Department of State is

'found' for purposes of Rule B . . ."). Even if the defendant's registration with the Department of State were not sufficient for the defendant to be "found" within the District, its amenability to service of process in the Northern District of New York, a convenient adjacent district to the Southern District, would be sufficient grounds upon which to decline to issue the attachment. Amber Int'l Navigation, Inc. v. Repinter Int'l Shipping Co., S.A., No. 09 Civ. 3897, 2009 WL 1883251 passim (S.D.N.Y. June 30, 2009) (concluding that defendant's registration with the Department of State was sufficient to be "found" within the Southern District, but holding in the alternative that the attachment also should not issue because Albany is located in a convenient adjacent district).

(2)   This Court has also stricken defendant Stewart Investment Co. ("Stewart") as a subject of the Rule B attachment because the complaint alleges that Stewart is the alter ego of Global Enterprises.  "[I]f a corporation is registered with the New York Department of State -- and is therefore 'found within the district' for the purposes of Rule B -- that corporation's alter egos are also 'found within the district' and, therefore, the property of those alter egos is not subject to maritime attachment." Transfield ER Cape Ltd. v. Indus. Carriers, Inc., No. 09-1733-cv, slip op. at 6 (2d Cir. July 8, 2009).

(3) The Court has stricken the language "at the time of the first service of this process." The Court could not say at this time that a charge of $125 per day is unreasonable and that the plaintiff should therefore only be required to pay once, at the time of the first service of process. If any bank charges a fee that is unreasonable, the plaintiff can make an application protesting such a fee and the bank would have the opportunity to explain why the fee is reasonable.

The Court has retained the additional provision ordering that service be deemed effective and continuous throughout the remainder of the day of service from the time of such service and through the end of the next business day provided another service is made during the next business day. See DNSD Subsea AS v. Oceanografia, S.A. de CV, 569 F. Supp. 2d 339, 346-47 (S.D.N.Y. 2008).

SO ORDERED.

Dated:   New York, New York
         July 8, 2009

                                        _____
                                        John G. Koeltl
                                        United States District Judge